Donahue, J.
It is contended on the part of counsel for plaintiff in error that by the provisions of Section 4983, Revised Statutes, the limitation *77 of the time in which an action for malpractice may be brought is one year from the time of the commission of the wrong complained of, that this second amended petition shows upon its face that the diagnosis was made, and the treatment and advice given plaintiff, almost six years prior to the time of bringing this action, and that the action being barred by the statute, and the averments of the pleading clearly showing that fact, that the demurrer to the second amended petition - was properly sustained by the common pleas court.
It is sufficient to say with reference to this contention that a railroad company cannot be guilty of malpractice. It is not authorized to practice medicine or surgery, and, therefore, any contract it might make to do so would be not only ultra vires, but in direct conflict with the laws of this state regulating the practice of medicine and surgery. Therefore, the statute limiting the time in which actions for damages for malpractice may be brought has no application to this suit. No such action will lie against a railroad company, and if that is the cause of action stated in this second amended petition, then it would be vulnerable to a demurrer, not only because of the statute of limitation, but also because it does not aver facts sufficient to constitute a cause of action.
It probably does appear from a reading of this, second amended petition that the pleader intended to state a cause of action for damages for malpractice, but the intention of the pleader does not necessarily control. If there are sufficient facts pleaded to constitute any cause of action it is not important whether the pleader intended to state *78 that particular cause of action or not. If this petition states a cause of action it must be one for a breach of contract to furnish such medical and surgical aid and attention to the plaintiff as she might require. This second amended petition does aver such a contract, but it does not clearly appear whether the pleader intended to aver an express contract, or a contract implied from the circumstances of the case and conduct of the parties. It does not aver any consideration for such a contract. So far as this pleading is concerned, the railroad company was a mere intermeddler. It sent its surgeon there without any request on her part for his services, or without any reason for its doing so, unless the fact that the plaintiff had been injured while alighting from the defendant’s car « be taken as a' sufficient reason for its having so done. There is no averment that the defendant was negligent in the management and operation of its cars or had negligently or carelessly or wrongfully caused the injury to the plaintiff. However, if it be conceded that sufficient facts are pleaded to show a valid contract between the plaintiff and the defendant by the terms of which the defendant undertook to furnish to the plaintiff the services of a physician and surgeon to treat her for the injuries she received while alighting . from its car, it also fully appears in this petition that it did furnish her a physician and surgeon for that purpose, and that he did examine her injuries, diagnose her case ánd give her treatment and -advice. Her claim is not that the railroad company failed to fúrnish- a physician and surgeon, as by the terms of its contract it had agreed and *79 undertaken to do, but that it failed to furnish a surgeon sufficiently skilled and competent to treat her injuries.
It is not the law that one who contract's to furnish or pay for medical or surgical aid and attention to another is liable at all events for the mistakes or incompetency of the physician or surgeon he may employ for that purpose. There must be some neglect or carelessness or misconduct on his part in the performance of his obligations arising under such contract. If he act in good faith and with reasonable care in the selection of the physician or surgeon, and has no knowledge of the incompetency or lack of skill or want of ability on the part of the person employed but selects one of good standing in his profession, one authorized under the laws of this state to practice medicine and surgery, he has filled the full measure of his contract and cannot be held liable in damages for any want of skill or malpractice. on the part of the physician or surgeon employed.
There is no averment in this petition that the surgeon employed by- this defendant railroad company was not in good standing in his profession; that he was not authorized to practice surgery, or that he was grossly incompetent and that the defendant had knowledge of his incompetency, or in the exercise of due care could have obtained such knowledge; that the plaintiff did not know and had not equal means of knowing the competency and ability of the person employed or that the company was guilty of any neglect or any carelessness in selecting this particular surgeon to perform this service, therefore, if this second *80 amended petition does aver sufficient facts to show a valid contract by the terms of which this company agreed and undertook to furnish medical and surgical aid to this plaintiff it wholly fails to show any breach of this contract on the part of the company or any such careless or negligent performance of its obligations arising under such contract as would make it liable to plaintiff for the damages which she may have sustained by reason of the incompetency, want of skill or malpractice on the part of the surgeon so employed.
Judgment of the circuit court reversed and that of the common pleas affirmed.

Judgment reversed.

Spear, C.. J., Price and Johnson, JJ., concur.
Davis, J., not present at the argument and not voting.
Siíauck, J., concurs in the judgment and in the first and fourth propositions of the syllabus.